UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW HAMPSHIRE


Darrin M. Mottram

      v.                                Civil No. 17-cv-522-JL
                                        Opinion No. 2018 DNH 074
Wells Fargo Bank, N.A.


                           **MEMORANDUM ORDER**


     This is plaintiff Darrin Mottram's third civil action filed
to prevent defendant Wells Fargo Bank's foreclosure on property
in Derry, New Hampshire, that secured Mottram's mortgage loan.
His prior actions attempting to enjoin the foreclosure having
been dismissed, Mottram now seeks to recover through a variety
of statutory and common-law claims, some of which he has
previously litigated.

     By dint of his claim brought under the Fair Debt Collection
Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the court has
subject-matter jurisdiction over this matter under 28 U.S.C.
§§ 1331 (federal question) and 1367 (supplemental jurisdiction).
Wells Fargo moved to dismiss Mottram's complaint, arguing that
his FDCPA claim is precluded by res judicata and that Mottram
has not pleaded facts in support of all of his claims.  See Fed.
R. Civ. P. 12(b)(6).  After the court held a hearing on that
motion, which Mottram did not attend, Mottram moved to withdraw
his complaint.  Because Wells Fargo has neither answered the

complaint nor moved for summary judgment, Mottram is entitled to withdraw his complaint without leave of court. Fed. R. Civ. P. 41(a)(1)(A)(i). The court therefore construes Mottram's motion as a notice of dismissal and dismisses the case.[1]

I. **Background**

This is Mottram's third civil action brought to prevent or to challenge Wells Fargo's foreclosure on his home in Derry, New Hampshire. This action also follows four petitions for bankruptcy protection filed by Mottram within the last four years.

Mottram petitioned for bankruptcy relief under Chapter 7 of the Bankruptcy Code in 2013, and received a discharge under 11 U.S.C. § 727. In re Mottram, No. 13-11901-BAH (Bankr. D.N.H., Nov. 8, 2013) (order granting discharge). He filed a second and third petition for bankruptcy relief in August 2015 and September 2016, each under Chapter 13. Mottram's failure to

---

[1] In its objection to Mottram's motion, Wells Fargo argues that the court should not construe that motion as a notice of voluntary withdrawal because the pro se plaintiff styled his motion as a "motion" rather than a "notice." Obj. (doc. no. 12) at 1-3. Though not unsympathetic to Wells Fargo's frustration with Mottram's serial litigation, described infra, the court is not inclined to put form over substance under circumstances where a pro se plaintiff's filing so clearly falls under the circumstances contemplated by Rule 41(a)(1)(A)(i), despite its caption.

file necessary documents resulted in the dismissal of both petitions.

During that same time period, Mottram also filed two foreclosure-related actions in this court. In his first action, filed in November 2015, Mottram alleged "that Wells Fargo (1) discriminated against him because he is disabled, (2) violated the Real Estate Settlement Procedures Act ("RESPA") by failing to disclose certain information about his loan, and (3) breached the covenant of good faith and fair dealing by declining to modify his loan." Mottram v. Wells Fargo Bank, N.A., 2016 DNH 46, 1. Judge Barbadoro dismissed Mottram's complaint for failure to state a claim as a matter of law, but granted Mottram leave to amend his complaint with respect to his disability claims. Id. at 13. Mottram did file an amended complaint, but the court dismissed it on Wells Fargo's unopposed motion. Mottram v. Wells Fargo Bank, N.A., No. 15-cv-470 (D.N.H. June 2, 2016).

In December 2016, Mottram filed a second civil complaint in this court, alleging violations of RESPA and the implied covenant of good faith and fair dealing based on Wells Fargo's failure to grant him a loan modification and its initiation of foreclosure proceedings despite a pending application for modification. Judge Barbadoro granted Wells Fargo's motion to dismiss that complaint as well.

3

While Mottram's second civil action was pending, he filed a fourth petition for bankruptcy relief on February 21, 2017. The Bankruptcy Court dismissed that action upon the Trustee's motion on April 17, 2017. It also barred Mottram "from filing any Chapter 13 Bankruptcy Petition in the District of New Hampshire until April 14, 2018."[2]

Several months later, on October 27, 2017, Mottram filed this action. The defendant moved to dismiss the complaint. The court scheduled oral argument on this motion to, among other things, afford Mottram an opportunity to object to the defendants' motions in a substantive manner, which his written objections failed to do. Mottram failed to appear at the scheduled hearing. He subsequently moved to continue the hearing, representing to the court that an illness caused his absence. The court scheduled a new hearing on defendant's motion. Mottram then moved to withdraw his complaint and informed the court that he would not attend the newly scheduled hearing.

## II. Analysis

### A. Plaintiff's voluntary dismissal

"[T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing

---

[2] Mot. to Dismiss Ex. F (doc. no. 3-7).

4

party serves either an answer or a motion for summary judgment . . . ." Fed. R. Civ. P. 41(a)(1)(A)(i). Wells Fargo has neither answered nor moved for summary judgment, permitting Mottram to dismiss his action voluntarily. And he appears to desire to do so. After the scheduled oral argument on defendant's motion to dismiss, which Mottram did not attend, and before the re-scheduled hearing, which Mottram represented he would not attend, Mottram filed a document styled "Motion for Withdrawal of Case." He requested that the court

> allow me to voluntarily withdraw my Complaint in this matter for the following reasons:
>
> (a) I do not have sufficient familiarity or knowledge to proceed with this case despite my best efforts to become familiar with court procedures and legal principles; and
>
> (b) I simply do not have the resources to hire an attorney.[3]

Because Mottram asks the court to permit him to voluntarily withdraw his complaint, and because the court's permission at this stage is not necessary, the court construes Mottram's motion as a notice of dismissal.

This leaves the question of whether Mottram's withdrawal of his complaint precludes him from asserting these claims in the future. In general, it does not. "Unless the notice or stipulation states otherwise, the dismissal is without

---

[3] Document no. 11.

5

prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). As discussed above, this is Mottram's third civil action in this court based on claims arising from the foreclosure sale of his mortgaged property. Both of his prior actions in this court were dismissed upon the defendant's motion. Because he did not <u>voluntarily</u> dismiss those prior actions, under this rule's converse, this dismissal does not operate as an adjudication on the merits and lacks preclusive effect. <u>See</u> Rickmyer v. Browne, 995 F. Supp. 2d 989, 1011 (D. Minn. 2014).

Mottram's voluntary dismissal of his claims in this action does not alter the effect of the court's prior dismissals. Thus while, in theory, Mottram may reassert the majority of his claims in a new action,[4] he is barred from reasserting at least

---

[4] The court is skeptical that those claims would survive a renewed motion to dismiss, but takes no position on their merits. See In re De Jesús Saez, 721 F.2d 848, 851 (1st Cir. 1983) (automatic stay under bankruptcy code terminates upon dismissal of petition); Bradley v. Wells Fargo Bank, N.A., 2014 DNH 41, 12 (Barbadoro, J.) ("The ordinary activities of a bank foreclosing on a mortgage do not generally meet the 'extreme and outrageous' standard" for recovery under intentional infliction of emotional distress theory); Moore v. Mortgage Elec. Registration Sys., Inc., 848 F. Supp. 2d 107, 126 (D.N.H. 2012) (mortgage-holder may engage in collection activity, but must have allegedly attempted to collect the debt); Murphy v. Fin. Dev. Corp., 126 N.H. 536, 540 (1985) (recovery for lender's failure to exercise due diligence in obtaining fair price

his claim for breach of the implied covenant of good faith and fair dealing arising out of Wells Fargo's alleged failure to grant his loan modification requests. Judge Barbadoro previously dismissed at least that claim with prejudice in a prior proceeding. See Mottram v. Wells Fargo Bank, N.A., No. 16-cv-546 (D.N.H. May 19, 2017) (oral order dismissing Mottram's claims with prejudice).

    B.   **Notice of potential filing restriction**

This action having been voluntarily dismissed, the court now lacks jurisdiction to address the merits of defendant's motion to dismiss[5] or its motion for an order to file with the Rockingham County Registry of Deeds addressing Mottram's alleged complaint also filed with that registry.[6] Cf. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990). It does not, however, divest the court of jurisdiction to address collateral issues,

---

requires at least an allegation that property's value exceeded price obtained).

[5] Document no. 3.

[6] Document nos. 8, 9. Mottram styled this document as an "Ex Parte Complaint to Enjoin Foreclosure" in the Rockingham County Registry of Deeds. In this document, Mottram explains that he contacted Wells Fargo to discuss a loan modification and seeks some delay in the foreclosure proceedings to allow that process to play out. Supp. Mot. to Dismiss Complaint Ex. 1 (doc. no. 8-1).

7

such as sanctions. Bolivar v. Pocklington, 975 F.2d 28, 31 (1st Cir. 1992) (citing Cooter & Gell, 496 U.S. at 395).

As outlined above, Mottram has now filed three petitions for bankruptcy relief and three civil actions in the last five years arising from the same series of events. Two of Mottram's civil actions have been dismissed for failure to state a claim for relief. Mottram's latest two bankruptcy filings were dismissed due to his failure to file necessary documentation. In light of this history, and fearing that Mottram will continue to file baseless lawsuits to interrupt any potential eviction proceedings, Wells Fargo asks the court to enjoin Mottram from filing further lawsuits arising out of the foreclosure proceedings, as well as to enjoin him from recording documents in the property's chain of title with the Rockingham County Registry of Deeds, without the court's permission.[7]

"Federal courts 'possess discretionary powers to regulate the conduct of abusive litigants.'" United States v. Gómez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005) (quoting Cok v. Family Ct., 985 F.2d 32, 34 (1st Cir. 1993). A federal court should enjoin a party from further filing frivolous and vexatious lawsuits only under "extreme circumstances involving groundless encroachment upon the limited time and resources of the court

---

[7] See Supp. Mot. to Dismiss Complaint (doc. no. 8) at 15.

8

and other parties." Otis Elevator Co. v. Int'l Union of
Elevator Constructors, Local 4, 408 F.3d 1, 10 (1st Cir. 2005)
(internal quotation and citation omitted).  Any "restrictions
imposed must be tailored to the specific circumstances
presented."  Cok, 985 F.2d at 34.  Further, before a filing
restriction may be imposed, a litigant must be "warned or
otherwise given notice that filing restrictions [are]
contemplated."  Id. at 35.  In determining whether a filing
restriction is appropriate in this case, the court recognizes
"that the use of broad filing restrictions against pro se
plaintiffs 'should be approached with particular caution.'"  Id.
(citation omitted).

As outlined above, Mottram has twice before brought claims
before this court arising out of the same nucleus of facts.
Both prior cases were dismissed because Mottram failed to state
claims upon which relief could be granted.  He has also filed,
but failed to prosecute, a series of actions before the
bankruptcy court of this district.  This pattern of conduct
reflects an effort by Mottram to perpetually delay the sale of
his foreclosed property through these serial filings.
Accordingly, Mottram is now warned that, should he file any new
action in this court asserting claims related to the same
mortgage foreclosure proceedings that are the subject of this
and his prior actions, the court will consider instituting a

filing restriction to enjoin him from filing any new action without the court's leave.

Wells Fargo has also asked the court to enjoin Mottram from initiating proceedings in the courts of the State of New Hampshire, or from recording documents with the Rockingham County Registry of Deeds. Even if it possessed the authority, which it is not certain that it does, the court is disinclined to do so, and therefore denies Wells Fargo's motion to that effect.

## III. Conclusion

In light of the plaintiff's voluntary withdrawal of his complaint, the clerk shall close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: April 9, 2018

cc: Darrin M. Mottram
J. Patrick Kennedy, Esq.

10